**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Allen Cole, III, | No. CV-21-0523-TUC-RM (BGM) |
| Petitioner, | |
| v. | **ORDER** |
| David Shinn, *et al.*, | |
| Respondents. | |

Currently pending before the Court is Petitioner Charles Allen Cole, III's Motion to be Appointed Counsel (Doc. 17).

"[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). "Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Id.* (citing *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965); *see also Bonin v. Vasquez*, 999 F.2d 425, 428-29 (9th Cir. 1993) ("the district court abuses its discretion when the case is so complex that due process violations will occur absent the presence of counsel.") Further, the Court may appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2).

Additionally, the rules governing habeas proceedings mandate the appointment of

counsel "[i]f necessary for effective discovery . . ." or "[i]f an evidentiary hearing is warranted[.]"  Rules Governing Section 2254 Cases 6(a) & 8(c); *see also Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (noting "that unless an evidentiary hearing is held, an attorney's skill . . . is largely superfluous; the district court is entitled to rely on the state court record alone.").  In determining whether to request the assistance of an attorney, the Court considers the "likelihood of success on the merits and the ability of the [plaintiff] to articulate [his] claims pro se in light of the complexity of the legal issues involved."  *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

Petitioner claims that he is young, with limited legal resources and knowledge, and financially unable to afford an attorney.  The Court finds Petitioner has sufficiently articulated his habeas claims and has not made the necessary showing for appointment of counsel at this time.  Upon review of Petitioner's habeas petition, if the Court determines that an evidentiary hearing is required or that counsel is necessary for effective discovery, counsel will be appointed in accordance with Rules 6(a) and 8(c) of the Rules Governing Section 2254 Proceedings.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Motion to be Appointed Counsel (Doc. 17) is DENIED without prejudice.

Dated this 19th day of April, 2022.

Honorable Bruce G. Macdonald
United States Magistrate Judge